IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| OMAR McCLEOD, | ) Civil Action No. 4:04-cv-02655-MBS-TER |
|       Plaintiff | ) |
| v. | ) |
| | ) REPORT AND RECOMMENDATION |
| ALBERT BELLAMY, OFFICER AT J. REUBEN LONG DETENTION CENTER; AND BRANDON CHRISCO, OFFICER AT J. REUBEN LONG DETENTION CENTER, et al, OFFICIAL CAPACITY, | ) |
|       DEFENDANTS. | ) |

## I. PROCEDURAL BACKGROUND

The plaintiff, Omar McCleod, filed this action under 42 U.S.C. § 1983[1] on August 6, 2004. Plaintiff alleges that his constitutional rights were violated due to excessive force. On January 10, 2005, defendants filed a motion for summary judgment along with supporting memorandum pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Document #14 and 15). Because the plaintiff is proceeding pro se, the undersigned issued an order on January 19, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the defendants' motion for summary judgment with additional evidence or counter affidavits could result in dismissal of his complaint. The plaintiff failed to file a response. On February 9, 2005, plaintiff filed a motion to extend time to respond to the summary judgment motion. This court entered an order

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Court.

on April 5, 2005, granting the extension of time to respond to the motion for summary judgment until April 12, 2005. Plaintiff was advised that, if he did not file a response, his case may be dismissed for failure to prosecute. Plaintiff did not file a response.

## II. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendants' motion for summary judgment, or the court's order requiring him to respond. The undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## III. CONCLUSION

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that plaintiff's complaint be dismissed for failure to prosecute.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 18, 2005
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

3